**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No.

NKETIA SISK,

    Plaintiff

    v.

AD ASTRA RECOVERY SERVICES, INC.,

    Defendant

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**Nketia Sisk** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Ad Astra Recovery Services, Inc.** (Defendant):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. This jurisdiction was specifically confirmed to apply to cases under the TCPA by Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012).

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Colorado and because the occurrences upon which Plaintiff bases this action arose and caused Plaintiff to suffer injury in the State of Colorado.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Aurora, Colorado 80016.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with headquarters at 7330 West 33rd Street North, #118, Wichita, Kansas 67205.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone number as a cellular telephone.

12. By way of background, beginning in or around 2011, Defendant began placing repeated harassing telephone calls to Plaintiff on her cellular telephone to collect on a medical debt.

13. Sometime soon after the calls began, in or around 2011, Plaintiff told Defendant to stop calling her.

14. Once Defendant was informed that its calls were unwanted and that Plaintiff wanted it to stop calling, its continued calls could have served no lawful purpose.

15. However, Defendant continued to call Plaintiff through late 2016.

16. On subsequent calls through late 2016, Plaintiff repeated her instruction to Defendant not to call, but Defendant continued to call.

17. When contacting Plaintiff, Defendant contacted Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

18. Plaintiff knew that Defendant's calls were automated calls as the calls would start with a pause or delay before being connected with Defendant's live representatives.

19. Defendant's calls were not for emergency purposes.

20. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number within the four year period preceding the filing of this Complaint.

23. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

24. Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent as Plaintiff revoked consent in or around 2011 and on subsequent calls through late 2016.

25. Defendant's calls to Plaintiff's cellular telephone were not made for emergency purposes.

26. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages

**Wherefore**, Plaintiff, **Nketia Sisk**, respectfully prays for judgment as follows:

a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

d. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

e. Any other relief this Honorable Court deems appropriate.

### DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Nketia Sisk**, demands a jury trial in this case.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: 2/1/18 | By: *s/ Amy L. Bennecoff Ginsburg*<br>Amy L. Bennecoff Ginsburg, Esq.<br>Kimmel & Silverman, P.C.<br>30 East Butler Pike<br>Ambler, PA 19002<br>Phone: 215-540-8888<br>Facsimile: 877-788-2864<br>Email: aginsburg@creditlaw.com |